IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY LEE MOODY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | 1:16-CV-00458-LSC-SRW |
| | ) | (1:05-CR-00195-LSC-SRW-1) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This is a motion to vacate a sentence under the authority of 28 U.S.C. § 2255, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), filed by Petitioner, Mickey Lee Moody ("Moody"), through counsel, on June 20, 2016. The United States does not oppose the motion and agrees that Moody is entitled to relief because he was sentenced in excess of the applicable statutory maximum. For the following reasons, the motion is due to be granted.

I. **BACKGROUND**

On September 8, 2005, Moody was charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), with penalties at 18 U.S.C. § 924(e)(1). He pled guilty to that count on April 10, 2006. The Presentence Investigation Report ("PSR") recommended that Moody's sentence be enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(g), because it concluded that he had at least three prior convictions for "violent felonies" that were committed on occasions different from one another. The PSR classified the following Florida and Alabama convictions as either serious drug offenses or "violent felonies:"

    i.     Florida burglary of a dwelling (PSR, ¶¶ 21, 32);

    ii.    Alabama burglary, 3rd degree (*id.* ¶¶ 21, 33);

    iii.   Alabama, serious drug offense (conspiracy to violate the controlled substance act; smuggling marijuana into the United States) (*id.* ¶¶ 21, 39).

On September 7, 2006, this Court sentenced Moody to the ACCA minimum—a 180-month term of imprisonment. The Court also ordered a 36-month term of supervised release upon his release from imprisonment. Moody's projected release date is September 7, 2021. His *Johnson* claim is timely, as it was filed within one year from the date on which the right asserted was initially recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3).

## II. Discussion

Moody argues that in light of *Johnson v. United States* and *Welch v. United States*, he is entitled to be resentenced without the ACCA enhancement because his conviction for an Alabama third degree burglary conviction does not qualify as "violent felony" under the ACCA. The ACCA provides a mandatory-minimum sentence of 180 months for defendants with at least three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A "violent felony" is a "crime punishable by imprisonment for a term exceeding one year" that also either "has as an element the use, attempted use, or threatened use of physical force against the person of another ["the use-of-force clause"], or is [generic] burglary, arson, or extortion, or involves the use of explosives ["the enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another ["the residual clause"]." 18 U.S.C. § 924(e)(2)(B).

After Moody's sentencing, the Supreme Court declared that the so-called "residual clause," covering offenses with a serious potential risk of physical injury, was unconstitutionally vague and made its ruling retroactively applicable on collateral review. *See Welch*, 136 S. Ct. at 1257 (2016) (citing *Johnson*, 135 S. Ct. 2551 (2015)).

Regarding Moody's conviction for Alabama burglary in the third degree, the law is now clear that Alabama burglary in the third degree does not qualify under any of the ACCA's three definitions of violent felony. First, the conviction does not qualify under the "use-of-force" clause of the ACCA. The Alabama statute criminalizes "knowingly enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime therein." Ala. Code § 13A–7–7(a). The definitions of terms used in that statute are found in § 13A–7–1 (1983). The Eleventh Circuit has held that "based on these definitions, read together with § 13A–7–7(a), the crime does not 'ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another. § 924(e)(2)(B)(i).'" *Nelson*, 813 F.3d at 982.

The Eleventh Circuit has also held that Alabama third-degree burglary does not qualify under the "enumerated offenses" clause of the ACCA. *Nelson*, 813 F.3d at 982 (citing *United States v. Howard*, 742 F.3d 1334, 1349 (11th Cir. 2014)). The precedent for this conclusion begins with the case of *Descamps v. United States*, ____ U.S. ____, 133 S. Ct. 2276 (2013), in which the Supreme Court held that a conviction for burglary in violation of California Penal Code § 459 is broader than "generic burglary" and therefore does not qualify as "burglary" under the enumerated-offenses clause of the ACCA's "violent felony" definition, 18 U.S.C.

§ 924(e)(2)(B)(ii).[1] The Court further held that the modified categorical approach adopted in *Taylor*, 495 U.S. at 598, and refined in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), may not be applied to an indivisible statute such as § 459.[2] The rule of *Descamps* is that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. In *Howard*, 742 F.3d at 1349, the Court of Appeals for the Eleventh Circuit held that Alabama's statute defining third-degree burglary "is non-generic and indivisible." As a result, under *Descamps*, a conviction for third-degree burglary in Alabama "cannot qualify as generic burglary under the ACCA." *Howard*, 742 F.3d at 1349 (citing *Descamps*, 133 S. Ct. at 2292).

Finally, the Eleventh Circuit Court of Appeals has held that, because the Supreme Court had "declared the residual clause of the ACCA to be unconstitutionally vague," there is no "basis for characterizing the Alabama third

---

[1] In *Taylor v. United States*, the Supreme Court had held that burglary, for ACCA purposes, means generic burglary, i.e., an offense with the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. 575, 598 (1990).

[2] The "modified categorical" approach referred to the procedure in which the sentencing courts may look to certain approved documents, called *Shepard* documents, to determine whether a defendant was found guilty of the elements of generic burglary. *See United States v. Lockett*, 810 F.3d 1262, 1266 (11th Cir. 2016) (citing *Shepard*, 544 U.S. at 13).

degree burglary statute as a violent felony under the ACCA." *Nelson*, 813 F.3d at 982 (citation omitted). Thus, Moody's third-degree burglary conviction does not qualify as a violent felony under the ACCA.

Without the third degree burglary conviction counting as an ACCA predicate offense, Moody does not have three prior convictions for "violent felonies."[3] Because Moody is not an Armed Career Criminal, his sentence of 180 months exceeds the 120-month maximum authorized by 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He is due to be resentenced without enhanced penalty under the provisions of the ACCA.

### III. Conclusion

Having now carefully reviewed and considered the § 2255 motion and the United States's response to it, and having independently examined the entire record in Moody's criminal case, it is hereby ORDERED and ADJUDGED that the motion for § 2255 relief be and hereby is **GRANTED**, and Moody's sentence in *United States v. Moody*, 1:05-cr-00195-LSC-SRW-1, is hereby VACATED. By separate order in Moody's criminal case, the Court will set a new sentencing hearing for Moody.

This action is DISMISSED WITH PREJUDICE.

---

[3] As such, the Court need not address Moody's argument that his Florida burglary conviction similarly no longer qualifies as a "violent felony" under the ACCA.

**DONE** AND **ORDERED** ON AUGUST 3, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704